UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Lopez, | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 3349 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| City of Chicago, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Lopez sued the City of Chicago and two of its police officers, alleging violations of the United States Constitution and Illinois law. Defendants move to dismiss Count IV of the Amended Complaint, which rests on a substantive due process theory. The motion is granted.

The Amended Complaint alleges, in relevant part, as follows. On January 19, 2008, Lopez and his estranged wife were at the apartment of Steve Fouts. The couple quarreled, Lopez was asked to leave and refused, and Lopez's wife called the police. Lopez then decided to depart, and as he was leaving the building he came across the individual Defendants, Chicago Police Officers Ricciardi and Lugo. The officers asked Lopez to wait in the building's lobby while they spoke to his wife and Fouts. After a brief investigation, during which Lopez's wife and Fouts indicated that they did not wish to press charges, the officers returned to the lobby and told Lopez that he could leave. When Lopez responded with what the officers took to be a sarcastic comment, they swung him into a wall and arrested him for trespass.

1

Officer Ricciardi then gave other officers (non-parties here) a blank criminal complaint form and asked them to have Fouts sign it. The other officers brought the document to Fouts, but described it as "release papers" that would permit Lopez to leave. Fouts signed the document, which then was used in charging Lopez in the Circuit Court of Cook County with criminal trespass and resisting and obstructing a police officer. The Circuit Court struck Lopez's criminal case in September 2008.

The Amended Complaint purports to state several counts: (1) false arrest under the Fourth Amendment; (2) excessive force under the Fourth Amendment; (3) failure to intervene, apparently under the Fourth Amendment; (4) egregious abuse of power under a substantive due process theory; (5) malicious prosecution under Illinois law, and (6) two counts alleging vicarious liability against the City of Chicago. The substantive due process count (Count IV) incorporates by reference the above-stated facts and further alleges, "Misleading Fouts into signing a criminal complaint was an egregious and arbitrary abuse of government power that shocks the conscience."

Defendants move to dismiss Count IV for lack of standing and on the merits. In considering the motion, the court construes the Amended Complaint "in the light most favorable to the nonmoving party, accept[ing] well-pleaded facts as true, and draw[ing] all inferences in her favor." *Reger Dev. LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

Defendants' standing argument implicates the court's subject matter jurisdiction, and thus must be addressed at the threshold. *See Citizens Against Ruining the Env't v. EPA*, 535 F.3d 670, 675 (7th Cir. 2008). Defendants contend that Lopez does not have standing to pursue the substantive due process count because it rests on "alleged conduct ... that was inflicted on ...

2

Fouts." This contention misunderstands the thrust of Count IV. Fouts was not the target of the alleged misconduct; rather, he was an unwitting instrument in the Individual Defendants' alleged scheme to harm Lopez. Because that alleged misconduct caused Lopez's alleged injury, and because money damages would provide Lopez with redress for that injury, he plainly has standing to pursue relief on a substantive due process theory. *See Wernsing v. Thompson*, 423 F.3d 732, 745 (7th Cir. 2005).

The substantive due process count, however, just as plainly fails as a matter of law on the merits. The Fourth Amendment prohibits police officers from signing, creating, and authorizing false criminal complaints. *See Stokes v. Bd. of Educ.*, 599 F.3d 517, 624 n.2 (7th Cir. 2010) (where one officer allegedly gave another officer the authority to create and sign a false criminal complaint); *Acevedo v. Canterbury*, 457 F.3d 721, 723 (7th Cir. 2006) (where the officer signed a false criminal complaint); *Savas v. Sheehan*, 1986 WL 6948, at *3 (N.D. Ill. June 10, 1986) (where the officer "directed" another "to execute a criminal complaint which they both knew to be false"). Lopez's allegation that the officers misled Fouts into signing a false criminal complaint is a quintessential Fourth Amendment claim.

One might ask how this bears on the viability of Lopez's substantive due process count, as a plaintiff may (but need not) invoke a variety of legal theories when seeking relief for the same alleged misconduct. *See* Fed. R. Civ. P. 8(d)(2); *NAACP v. American Fam. Mut. Ins. Co.*, 978 F.2d 287, 291-92 (7th Cir. 1992). The answer is that the substantive due process is different. The Supreme Court has held that "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for

analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 389 (1989). The Court explained that "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under [that] standard." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997).

Accordingly, because Lopez's claim regarding how his criminal complaint came to be is covered by the Fourth Amendment, he cannot pursue relief under a substantive due process theory. *See, e.g., Albright v. Oliver*, 510 U.S. 266, 273-74 (1994); *id.* at 281 (Kennedy, J., concurring in the judgment) ("I agree with the plurality that an allegation of arrest without probable cause must be analyzed under the Fourth Amendment without reference to more general considerations of due process."); *Jewett v. Anders*, 521 F.3d 818, 827 n.9 (7th Cir. 2008) ("The Supreme Court has cautioned that a substantive due process claim may not be maintained where a specific constitutional provision protects the right allegedly violated—in this case, the Fourth Amendment"); *Tesch v. Cnty. of Green Lake*, 157 F.3d 465, 471 (7th Cir. 1998) (Plaintiff "cannot use a substantive due process claim to circumvent the standards appropriate under the Fourth Amendment if his claim is 'covered by' the Fourth Amendment"). The fact that Illinois common law provides a remedy for malicious prosecution gives an independent basis for rejecting at the pleading stage Lopez's attempt to pursue a substantive due process theory. *See Fox v. Hayes*, 600 F.3d 819, 841 (7th Cir. 2010) (citing cases).

The four cases cited by Plaintiff are inapposite. *County of Sacramento v. Lewis*, 523 U.S. 833 (1998), *Tun v. Whitaker*, 398 F.3d 899 (7th Cir. 2005), *Bublitz v. Cottey*, 327 F.3d 485 (7th Cir. 2003), and *Garth v. City of Chicago*, 2009 WL 3229627 (N.D. Ill. Oct. 2, 2009), all recognize that a plaintiff may invoke substantive due process when seeking relief for an

"arbitrary abuse of government power which shocks the conscience." *Lewis*, 523 U.S. at 846-47. But in none of those cases did the plaintiff attempt to dress in substantive due process clothing allegations that, at bottom, make out a fairly typical false arrest or wrongful prosecution claim. That is because precedents like *Graham*, *Albright*, and their progeny teach that such a claim cannot be brought under a substantive due process theory.

For these reasons, Defendants' motion to dismiss Count IV of Plaintiff's Amended Complaint [56] is granted and Count IV is dismissed.

October 26, 2010            _____
                                       United States District Judge