UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 09 C 3349 |
| vs. | ) | |
| | ) | Judge Feinerman |
| CITY OF CHICAGO, VITO RICCIARDI (Star 16396), and BENITO LUGO (Star 12270), | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Lopez brought this action under 42 U.S.C. § 1983 and Illinois law against the City of Chicago and Chicago Police Officers Vito Ricciardi and Benito Lugo, alleging various wrongs related to Lopez's arrest and his prosecution in state court. The court dismissed Lopez's substantive due process claim on the pleadings. Doc. 74. The court then granted summary judgment to Defendants on Lopez's false arrest and failure to intervene claims. Doc. 103. The remaining claims were tried to a jury, which found in Defendants' favor. Final judgment was entered against Lopez. Doc. 148.

Pursuant to Federal Rule of Civil Procedure 54(d)(1), Defendants have submitted a bill of costs, which seeks $6136.96. Doc. 159. Lopez asserts two objections. Doc. 162. Defendants do not dispute one of the objections—that $425 of the amount sought for court reporter fees is improper—so that objection is sustained. Doc. 164 at 1. The other objection—that no costs should be awarded because Lopez is indigent—is rejected.

The Seventh Circuit requires district courts to follow this two-step analysis when considering an argument that costs should not be awarded because the losing party is indigent:

> First, the district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future. The burden is on the losing party to provide the district court with sufficient documentation to support such a finding. This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses. Requiring a non-prevailing party to provide information about both income/assets and expenses will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances. Moreover, it will limit any incentive for litigants of modest means to portray themselves as indigent.
>
> Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs. No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs.
>
> Though we decline to abolish the indigence exception, we note that the exception is a narrow one. Rule 54(d)(1) provides a presumption that costs are awarded to the prevailing party, and the burden is on the non-prevailing party to overcome this presumption.

*Rivera v. City of Chicago*, 469 F.3d 631, 635-36 (7th Cir. 2006) (internal quotations marks and citations omitted).

Lopez does not clear the first hurdle of this analysis. To support his claim of indigency, Lopez submits documentation showing that he has been unemployed since January 2011 and that he receives food stamps. Docs. 162-1, 162-2. Although this documentation might be sufficient to show that Lopez *currently* is unable to pay a four-figure cost award, it does not even come close to showing that he will be unable to pay that amount "in the future." *Rivera*, 469 F.3d at 635. Lopez provides no "documentary evidence of both income and assets" or "a schedule of expenses." *Ibid*. Nor does he not argue, let alone demonstrate, that he will be unable to "be

gainfully employed in the future." *Id*. at 636. It follows that Lopez has not overcome the presumption that costs should be awarded in this case. *See Fehriback v. Ernst & Young LLP*, 493 F.3d 905, 912-13 (7th Cir. 2007); *Bhat v. Accenture LLP*, 2012 WL 1022146, at *2 (7th Cir. Mar. 28, 2012); *Bell v. Keating*, 2011 WL 2182117, at *1-2 (N.D. Ill. June 2, 2011); *Jenkins v. Spaargaren*, 2011 WL 6887118, at *2 (N.D. Ill. Dec. 28, 2011); *Gallagher v. Gallagher*, 2010 WL 2610192, at *1 (N.D. Ill. June 24, 2010); *Srail v. Vill. of Lisle, Ill.*, 2008 WL 5272459, at *2 (N.D. Ill. Dec. 15, 2008); *Fairley v. Andrews*, 2008 WL 961592, at *3-4 (N.D. Ill. April 8, 2008).

For these reasons, Defendants are awarded costs, but the $6136.96 sought is reduced by $425.00, resulting in a cost award of $5711.96.

April 10, 2012

_____
United States District Judge